The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANKER INNOVATIONS TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA UGREEN LIMITED, UGREEN IMPORT & EXPORT CO., LTD., AND UGREEN GROUP LIMITED,<br>Defendants. | Case No. 2:25-cv-00379-JNW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. No. 12 ("JSR Order") and the Court's Local Civil Rules, and after having conducted a Rule 26(f) conference, plaintiff Anker Innovations Technology Co., LTD ("Anker") and defendants America UGREEN Limited, UGREEN Import & Export Co., Ltd., and UGREEN Group Limited (collectively, "UGREEN") jointly submit the following Joint Status Report.

**1.  Nature and Complexity of the Case**

The Parties jointly present the following nature of the case as a general summary and without waiver of any kind. The Parties reserve all their claims and defenses. Nothing herein shall be considered an admission by any party.

This is a design patent infringement case. Anker, the patent holder, accuses UGREEN

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

of infringing Design Patent No. D1,027,854.

Anker and UGREEN are both consumer electronics companies that make, among other things, charging devices and related products. In this case, Anker asserts U.S. Design Patent No. D1,027,854 ("the '854 Patent") for a "ornamental design for a mobile power bank" against UGREEN. Anker alleges that it Anker itself practices the design claimed in the '854 Patent, and the Anker 737 Power Bank, for example, embodies the claimed design. Anker alleges that UGREEN's "Nexode" power bank products infringe the '854 Patent, and that UGREEN's infringement is willful. UGREEN denies that it infringes (willfully or otherwise) and that the '854 patent is valid. UGREEN has filed a motion to dismiss Anker's complaint and states that it intends to soon file a petition for *inter partes* review (IPR) with the USPTO, challenging the validity of the '854 patent.[1]

The Parties believe this case will be similar to—but less complex than—a typical patent infringement case.

**2.   Consent to Assignment of Magistrate Judge**

The Parties do not consent to assignment of a magistrate judge.

**3.   Proposed Deadline for Joining Additional Parties**

The Parties propose a deadline of September 1, 2026 for joining additional parties.

**4.   Statement for Class Certification**

N/A.

**5.   Discovery Plan**

   **a.   Initial Disclosures**

The parties exchanged initial disclosures on August 11, 2025.

   **b.   Subjects, Timing, and Potential Phasing of Discovery**

Plaintiff anticipates that discovery will include design, manufacture, marketing and sales of Defendants' accused power banks, the allegations raised in the complaint, Defendants' intention copying of the asserted patent and embodying products, Defendants' knowledge of

---

[1] Subsequent to the filing of the IPR petition, UGREEN states that it intends to file a motion to stay. Anker intends to oppose any such motion.

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

the asserted patent, evidence relevant to how the accused power banks are viewed in the marketplace, and damages relating to the accused product, among other issues relating to the asserted patent and the parties' claims or defenses.

In addition to the information identified by Plaintiffs, Defendants anticipate that discovery will also include topics relating to the validity/invalidity and enforceability/unenforceability of the asserted patent, including but not limited to the prosecution of the asserted patent, the alleged conception, reduction to practice, sale, offer to sell, and/or use of the alleged invention, ownership, licensing, and/or making or commercialization of the asserted patent, prior art to the asserted patent, and non-privileged documents relating to UGREEN's own patents and patent applications, including U.S. Patent No. D1,057,647.

The Parties do not believe that there are any unusual timing issues related to discovery that need to be addressed in the Court's Scheduling Order. Resolution of the case would not benefit from phasing of discovery.

Anker believes a schedule is warranted and that there is no reason to delay entering a schedule. If and when UGREEN files an IPR petition and a motion to stay, the Parties can brief the issue at that time. With that said, Anker notes that IPR institution rates are currently very low, and anticipates that the petition will likely be denied for that reason among others. As set forth in Anker's opposition to UGREEN's motion to dismiss, Anker's position is that UGREEN's motion lacks merit. As a result, Anker requests a schedule be entered so the case is not unnecessarily delayed.

Defendant UGREEN's position is that it has filed a motion to dismiss, which remains pending and, if decided in UGREEN's favor, will resolve the entirety of the case. Moreover, in light of UGREEN's forthcoming IPR petition and subsequent motion to stay, UGREEN submits that the Court should decline to enter a schedule and stay discovery until after these motions are resolved.

Otherwise, the Parties propose the following case schedule, which modifies the

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW - 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

deadlines provided for in the Local Patent Rules:[2]

| EVENT | Proposed Deadline |
|---|---|
| Fed. R. Civ. P. 26(f) Conference | Complete, August 1, 2025 |
| Exchange of Fed. R. Civ. P. 26(a)(1) Initial Disclosures | Complete, August 11, 2025 |
| Combined Joint Status Report and Discovery Plan | August 18, 2025 |
| Plaintiff to serve Preliminary Infringement Contentions and disclosure of asserted claims and accompanying file history for the Asserted Patent (PLR 120)[3] | September 17, 2025 |
| Defendant to serve Preliminary Non-Infringement and Invalidity Contentions (PLR 121) and accompanying document production (PLR 122) | October 17, 2025 |
| Parties to exchange Proposed Terms and Claims Elements for Construction (PLR 130) | November 6, 2025 |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PLR 131) | December 6, 2025 |
| Parties to file Joint Claim Chart and Prehearing Statement (PLR 132) | January 20, 2026 |
| Construction Expert Disclosures, if necessary (PLR 132) | January 20, 2026 |
| Completion of claim construction discovery, if necessary (PLR 133) | March 11, 2026 |
| Claim Construction (PLR 134) 1. Parties to serve opening briefs 2. Parties to serve answering briefs | 1. March 31, 2026 2. April 30, 2026 |
| Tutorial (if necessary) (PAT 132(g)) | 14 days prior to Claim construction hearing ready date |

---

[2] The parties note that the Patent Local Rules do not automatically apply in cases involving design patents. The parties nevertheless agree that the Patent Local Rules (in part) provide a useful framework for this case, and have adapted them insofar as they are relevant.

[3] Note that the parties have included references to the PLR for comparison purposes despite the fact that the standard PLR provisions concern utility, not design, patents.

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

| | |
|---|---|
| Claim construction hearing ready date (PAT 135) | June 4, 2026 |
| Claim Construction Hearing | Per Court order |
| Deadline for amended pleadings | September 1, 2026 |
| Close of fact discovery | November 2, 2026 |
| Parties to exchange initial expert reports | November 30, 2026 |
| Parties to exchange responsive/rebuttal expert reports | January 14, 2027[4] |
| Parties to exchange supplemental reports | February 4, 2027 |
| Close of expert discovery | February 25, 2027 |
| Parties to file case dispositive motions and/or Daubert motions | May 12, 2027 |
| Trial Ready Date | August 16, 2027 |

### c. Electronically Stored Information

Given the scope of anticipated discovery, the Parties do not anticipate any unusual issues related to discovery of electronically stored information ("ESI") that would warrant involvement of the Court at this time.

The Parties will work together and endeavor to agree upon an ESI order compliant with the model order regularly used in this district. See also, supra Part 5.B.

### d. Privilege Issues

The Parties do not anticipate any unusual privilege issues that warrant the Court's involvement at this time.

### e. Proposed Limitations on Discovery

The Parties do not currently anticipate the need for any limitations on discovery or any unusual issues with or any difficulty completing discovery within the limitations that currently exists under the rules and proposed schedule that would warrant involvement of the Court at this time.

The parties anticipate documents produced by Defendants may be written/recorded in Chinese rather than English. The parties also anticipate that Defendants' witnesses may speak

---

[4] Note this date was pushed back two weeks to accommodate the intervening holidays.

Mandarin or Cantonese, and not English.

The Parties agree to work together to resolve any issues as a result of the potential need for translation. To the extent that this becomes an issue or obstacle, the Parties may seek guidance from the Court. However, currently, given the scope of anticipated discovery, the Parties do not anticipate further expansion or reduction of discovery at this time.

    **f.**    **Need for Any Discovery Related Orders**

A Protective Order imposing certain discovery-related limitations on trade secrets and other confidential or proprietary information will be necessary. The Parties will work together and endeavor to agree upon a Protective Order compliant with the model order regularly used in this district that includes adequate protections for any production of highly sensitive trade secrets and other confidential or proprietary information.

**6.**    **Parties' Views, Proposals, and Agreements Regarding Certain Issues**

    **a.**    **Prompt Case Resolution**

The Parties agree that, given the nature of the claims, defenses and potential damages, the prospects for an early consensual resolution should continue to be explored by the Parties.

Accordingly, the Parties intend to continue discussions regarding early resolution.

    **b.**    **Alternative Dispute Resolution**

Given the nature of the claims of infringement, the asserted claims of the patent and defenses to be asserted by the Defendant, the Parties maintain that ADR is not warranted at this time.

    **c.**    **Related Cases**

There are currently no pending related cases.

    **d.**    **Discovery Management**

The Parties will work together cooperatively to streamline discovery and to make a good faith effort to try to resolve any discovery-related disagreements that arise. Appointment of a Discovery Master is not warranted at this time. To the extent that the Parties are unable to resolve such dispute without Court intervention, the Parties agree to present such disputes through the procedures set forth in either LCR 7(d)(3) or LCR 37(a)(2).

  **e.**  **Anticipated Discovery Sought**

The Parties intend to conduct discovery on issues raised in the Complaint including at least the subject areas identified in Section 5.B.

  **f.**  **Phasing Motions**

The Parties do not anticipate the need to phase motion practice.

  **g.**  **Preservation of Discoverable Information**

The Parties have taken reasonable steps to preserve discoverable information. Accordingly, the Parties do not anticipate the need for Court intervention regarding preservation issues at this time.

  **h.**  **Privilege Issues**

The parties are continuing to discuss a date after which the parties need not log communications which are withheld from production on a claim of privilege.

  **i.**  **Model Protocol for Discovery of ESI**

The Parties will work together and endeavor to agree upon an ESI order compliant with the model order regularly used in this district.

  **j.**  **Alternative to Model Protocol**

The Parties will work together and endeavor to agree upon an ESI order compliant with the model order regularly used in this district.

**7.** **Date by Which Discovery Can Be Completed**

See proposed schedule in Section 5.B.

**8.** **Bifurcation of the Case**

The Parties agree that there is no meaningful reason to bifurcate the case at this time.

**9.** **Necessity for Pretrial Statements and Pretrial Order called for by LCR 16(e), (h), (i), and (k), and 16.1**

At this time, the Parties agree that pretrial statements and a pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 will increase economy, and therefore agree that that same is necessary.

**10.** **Intent to Utilize Individualized Trial Program or Alternative Dispute Resolution**

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW — - 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

The Parties do not intend to utilize the Individual Trial Program. The Parties are negotiating whether and when Alternative Dispute Resolution may be appropriate and whether it will promote early and inexpensive resolution.

**11.  Suggestions for Shortening or Simplifying the Case**

N/A

**12.  Trial Ready Date**

See proposed schedule in Section 5.B.

**13.  Jury Trial**

The Parties seek trial by a jury.

**14.  Number of Trial Days Required**

The Parties agree that a five (5) day trial is sufficient, excluding jury selection.

**15.  Names, Addresses, and Telephone Numbers of All Trial Counsel**

Anker's current trial counsel:

- Diana M. Rutowski (Admitted Pro Hac Vice)
  drutowski@orrick.com
  1000 Marsh Road
  Menlo Park, CA 94025
  Telephone: (650) 614-7400

- Evan Brewer (WSBA No. 59650)
  ebrewer@orrick.com
  401 Union Street, Suite 3300
  Seattle, WA 98101-2668
  Telephone: +1 206 839 4300

- Yufeng (Ethan) Ma (Admitted Pro Hac Vice)
  yma@orrick.com
  353 N. Clark Street, Suite 3600
  Chicago, IL 60654

UGREEN's current trial counsel:

- Matthew J. Rizzolo
  ROPES & GRAY LLP
  2099 Pennsylvania Avenue, NW
  Washington, DC 20006-6807
  Tel: (202) 508-4600
  matthew.rizzolo@ropesgray.com

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

- Steven Pepe
  ROPES & GRAY LLP
  1211 Avenue of the Americas
  New York, NY 10036-8704
  Tel: (212) 596-9000
  steven.pepe@ropesgray.com

- Matthew R. Shapiro
  ROPES & GRAY LLP
  1211 Avenue of the Americas
  New York, NY 10036-8704
  Tel: (212) 596-9000
  matthew.shapiro@ropesgray.com

Given the trial ready date identified above in Section 5.B, the Parties reserve the right to amend the list of trial counsel prior to trial.

**16. Dates on which Trial Counsel May Have Conflicts or Other Complication to Be Considered in Setting a Trial Date**

The Parties are not currently aware of any conflicts or complications with the trial date identified above. The Parties reserve the right to move for a new trial date in the event of conflicts or other complication and agree to meet and confer in good faith regarding any motion for a new trial date.

**17. Service on Defendants**

All defendants have been served or have waived service.

**18. Desire for a Pretrial Fed. R. Civ. P. 16 Conference with Court**

At this time, the Parties believe a pretrial Fed. R. Civ. P. 16 conference would not be beneficial.

**19. Dates for Filing Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures**

Plaintiff filed its Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures on February 28, 2025. Defendants filed their Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures on May 8, 2025.

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW
- 9 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

| | | |
|---|---|---|
| 1 | Dated: August 18, 2025 | Respectfully submitted, |
| 2 | | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| 3 | | By: *s/ Evan Brewer* |
| | | Evan Brewer (WSBA No. 59650) |
| 4 | | ebrewer@orrick.com |
| | | 401 Union Street |
| 5 | | Suite 3300 |
| | | Seattle, WA 98101-2668 |
| 6 | | Telephone: +1 206 839 4300 |
| | | Facsimile: +1 206 839 4301 |

Diana M. Rutowski (Admitted Pro Hac Vice)
drutowski@orrick.com
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Yufeng (Ethan) Ma (Admitted Pro Hac Vice)
yma@orrick.com
353 N. Clark Street
Suite 3600
Chicago, IL 60654
Telephone: (312) 924-9800
Facsimile: (312) 924-9899

*Attorneys for Plaintiff Anker Innovations Technology Co., Ltd.*

**MARTINEZ & FARMER LLP**

By: *s/ Ariel A. Martinez*
Ariel A. Martinez, WSBA #54869
Tyler L. Farmer, WSBA #39912
4020 East Madison St., Suite 300
Seattle, WA 98112
Tel: (206) 208-2270
Email: ariel@mfseattle.com
Email: tyler@mfseattle.com

Matthew J. Rizzolo
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: (202) 508-4600
matthew.rizzolo@ropesgray.com

Steven Pepe
Matthew R. Shapiro
ROPES & GRAY LLP

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
steven.pepe@ropesgray.com
matthew.shapiro@ropesgray.com

*Attorneys for Defendants America UGREEN Limited, UGREEN Import & Export Co., Ltd., and UGREEN Group Limited*

Joint Case Management Statement
Case No.: 2:25-cv-00379-JNW

- 11 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## SIGNATURE ATTESTATION

I, Evan Brewer, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**. I hereby attest that I have obtained approval for the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: August 18, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:  *s/ Evan Brewer*
Evan Brewer (WSBA No. 59650)
ebrewer@orrick.com
401 Union Street
Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Joint Case Management Statement
Case No.:  2:25-cv-00379-JNW

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300